bGOTHARD, Judge.
Appellant, Carlos Lemus, appeals a judgment of the Juvenile Court for the Parish of Jefferson, ordering him to pay child support in the amount of $469.00. We annul the judgment for the following reasons.
In August 1995 in the Twenty-Fourth Judicial District Court, a judgment of divorce was granted between Carlos and Paula Le-mus, which judgment included an award of child support against appellant in the amount of $206.00 for the support of his two children.[1] In August of 1996, the State of Louisiana Department of Social Services, through the District Attorney for the Parish of Jefferson, filed a petition against Mr. Lemus, alleging that Paula Lemus had applied for services from the department regarding child support on behalf of her two children. The petition further requested that Lemus obtain dependent health coverage insurance.
I3A hearing was held before the hearing officer, at which time child support was set in the amount of $469.00 per month retroactive from the date of the petition, with a past due amount of $2,814.00. The officer found that Lemus had made direct payments in the amount of $1,365.74; an additional credit for overpayment of the support order emanating from the 24th Judicial District Court was granted, leaving total arrears of $349.76. An income assignment was requested by the department, but denied by the hearing officer; defendant was ordered to pay an additional $10.00 per month for the arrearage, with all payments being directed to the court. A wage assignment would be executed if appellant failed to pay timely.
Lemus objected to the result and the matter was set before the Juvenile Court for trial on a rule to show cause.
At the hearing, Mrs. Lemus testified that Mr. Lemus paid the support under the previous district court order, and that she filed the petition in juvenile court in order to obtain an increase in child support. The Juvenile Court found that it had jurisdiction over the matter under La. R.S. 46:236.1, and set support in the amount of $469.00 per *455 month retroactive to August, 1996, with credit for all payments made from August of 1996 through the date of judgment. The court determined the amount of arrearages due,[2] and ordered that an additional $25.00 . per month be paid on that sum. Lemus was ordered to provide medical insurance. Although income assignment was waived by Mrs. Lemus, all payments were ordered to be made through the court. It is from this judgment of the Juvenile Court that Lemus has appealed, averring that the Juvenile Court was without jurisdiction to enter the support order against him.
14As previously indicated, the judgment of the 24th Judicial District Court was never entered into evidence at the trial of this proceeding. However, the testimony of Wanda Iseman (apparently of the Department of Social Services, although this is unclear from the record) evidenced that as a result of the earlier civil court judgment, Lemus had been ordered to pay $206.00 per month in child support. It was further shown that appellant regularly made those payments, and the existence of the civil court judgment is not in dispute.
The only issue before us is whether or not the Juvenile Court had jurisdiction to issue an order of support in light of the earlier support judgment granted in the original divorce proceedings.

ANALYSIS

La. Ch. C. art. 311 grants original exclusive jurisdiction in proceedings by the District Attorney to establish or enforce support pursuant to La. R.S. 46:236.1(F).
La. R.S. 46:236.1(F) states:
(1) The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings, take direct civil action, .... in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Section. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the department shall be designated as payee. Additionally, the department may take direct action to modify an order or judgment of support, including actions to increase or decrease support, in any case in which the department is providing services pursuant to this Section. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.
|sThe wording of this section indicates that it refers to proceedings brought by the department in cases in which it is providing services, and does not include a provision for non-AFDC recipients.[3] Mrs. Lemus does not receive AFDC benefits.
In the present ease, the support order was established in the district court at the time the divorce was granted. Defendant was not in arrears at the time the rule was filed in Juvenile Court and there is no allegation that he has failed in his established support obligations. Since Mrs. Lemus was not an AFDC recipient, La. R.S. 46:236.1(F) is not applicable. It is, therefore, clear that Juvenile Court does not have exclusive original jurisdiction over the support matter under La. Ch. C. art 311.
La. R.S. 46:236.1(B) states:
B. (1) The department [Social Services] is hereby authorized to develop and implement a program of family support in AFDC cases, Title IV-E Foster Care cases, Medicaid only cases, and any other category of cases to which the state is required by federal law or regulation to provide services, designed to do the following:
(a) Enforce, collect, and distribute the support obligation owed by any person to *456 his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.
***** *
(d) Obtain and modify family and child support orders.
(e) Obtain and modify medical support orders.
(2) In addition, as required by federal law, the department shall provide the above services to any individual not otherwise eligible for such services as provided for in R.S. 4-6:2§6.1(B)(l) upon receiving an application from such individual and upon receiving any \ 6fee which may be assessed by the department for the services.
(3) The department may enforce, collect, and distribute medical support orders notwithstanding the absence of a specific provision in the child support order as to the amount of medical support to be paid.
* * * * * *

A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.

As previously stated, Mrs. Lemus is not an AFDC recipient.
The state urges that the Juvenile Court has concurrent jurisdiction with the district court in support matters such as the one before us. We disagree. Rather, we find that juvenile jurisdiction in the present case conflicts with that initially established in the district court. By Mrs. Lemus’ own admission, she merely sought an increase in the amount of child support previously awarded by the district court. Because orders of support are always subject to modification, her remedy was to seek such modification in the district court. Under the facts of the case before us, the effect of the Juvenile Court judgment was to impermissibly modify the judgment of the district court.
We agree that the Department is authorized to provide support services for Mrs. Lemus under La. R.S. 46:236.1(B). However, as we interpret all the pertinent legislation, in the present case the department had authority to file an action on behalf of Mrs. Lemus for an increase in the District Court (through its own attorney). We find nothing in the law which would permit the department, through the district attorney, to bring an action in Juvenile Court against a father who is in total compliance with support orders from the district court.
^Therefore, we hold that the Juvenile Court had no jurisdiction to hear and determine the child support obligations of defendant under the individual facts and circumstances of this case. The judgment in favor of Mrs. Lemus must be set aside.

DECREE

For the foregoing reasons, the judgment of the Juvenile Court in favor of Paula Lemus and against Carlos Lemus is annulled and set aside.
JUDGMENT ANNULLED AND SET ASIDE.

. A copy of this judgment was never introduced into evidence in the proceedings before us.

. Appellant contests the jurisdiction of the Juvenile Court and has not assigned as error the specific amounts of the judgment. Therefore, we do not detail them further here.

. Services include AFDC, Title IV Foster Care cases, and Medicaid only cases. For convenience sake we will refer to these services simply as AFDC.